UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PJC LOGISTICS, LLC,<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 11-cv-865 (ADM/JJG)<br><br>**JURY TRIAL DEMANDED** |

**QUALCOMM INCORPORATED'S ANSWER
TO PJC LOGISTICS, LLC'S COUNTERCLAIM**

Defendant Qualcomm Incorporated ("Qualcomm") hereby answers the Counterclaim filed by Plaintiff PJC Logistics, LLC ("PJC"). Qualcomm hereby responds to the numbered paragraphs of the Counterclaim, and in doing so denies the allegations of the Counterclaim except as specifically stated:

**COUNTERCLAIM**

**Parties**

1.　　PJC Logistics, LLC ("PJC") is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprises Drive, Hewitt, Texas 76643.

　　**ANSWER:** Admitted.

2.　　Upon information and belief, and as averred in its Complaint, Qualcomm Incorporated is a corporation organized under the laws of Delaware with its principal place of business at 5775 Morehouse Drive, San Diego, California, 92121.

　　**ANSWER:** Admitted.

## Nature of the Counterclaim

3. This is a counterclaim for patent infringement of U.S. Patent No. 5,223,844 ("the '844 Patent").

**ANSWER:** Qualcomm admits that PJC, in its Counterclaim, alleges infringement of U.S. Patent No. 5,223,844 ("the '844 Patent"), but denies that it infringes the '844 Patent.

4. PJC is the assignee and owner of the right, title and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER:** Qualcomm admits that the public record reflects that the '844 Patent is assigned to PJC. Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them. Paragraph 4 further states legal conclusions to which no answer is required, but to the extent that an answer is called for, the allegations are denied.

## Jurisdiction and Venue

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Qualcomm admits that PJC, in its Counterclaim, alleges a claim under Title 35 of the United States Code. Qualcomm further admits that this Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Qualcomm because Qualcomm has submitted to the jurisdiction of the Court by the filing of its Complaint in this case.

**ANSWER:** Admitted.

7. This Court has personal jurisdiction over Qualcomm because Qualcomm transacts business in the state of Minnesota and regularly contracts to supply goods and services in the state of Minnesota.

**ANSWER:** Qualcomm has admitted personal jurisdiction in this case. Qualcomm repeats and incorporates by reference the response to paragraph 6. Qualcomm denies the remaining allegations of paragraph 7.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

**ANSWER:** Qualcomm admits that venue is proper in this District for purposes of this action only.

### Counterclaim: Infringement of U.S. Patent No. 5,223,844

9. Paragraphs 1 through 8 are incorporated herein by reference.

**ANSWER:** Qualcomm incorporates by reference its responses to paragraphs 1 through 8.

10. PJC is the lawful owner, by assignment, of the entire right, title and interest in U.S. Patent No. 5,223,844, entitled "Vehicle Tracking and Security System," which was duly and legally issued on June 29, 1993, by the United States Patent & Trademark Office. A true and correct copy of the '844 patent is attached hereto as Exhibit A.

**ANSWER:** Qualcomm admits that the public record reflects that the '844 Patent is assigned to PJC, is entitled "Vehicle Tracking and Security System", and has an issue date of June 29, 1993. No document was attached to PJC's Counterclaim as Exhibit A, and Qualcomm therefore denies that a true and correct copy of the '844 Patent was attached as Exhibit A. Qualcomm denies the remaining allegations in paragraph 10. Paragraph 10 further states legal

3

conclusions to which no answer is required, but to the extent that an answer is called for, the allegations are denied.

11. Without license or authorization, Qualcomm is and has been knowingly and intentionally directly and indirectly infringing the '844 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale and/or importing in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:** Denied.

12. Qualcomm has had knowledge of and/or been aware of the '844 Patent since at least April 5, 2011, when, in a letter sent via certified mail, PJC informed Qualcomm of its infringement of the '844 Patent and requested that Qualcomm license the '844 Patent in order to mitigate its continued infringement.

**ANSWER:** Qualcomm admits it was aware of the '844 Patent since at least April 5, 2011. Qualcomm further admits that it has received a letter from PJC's counsel, dated April 6, 2011, and refers to that document for its contents. Qualcomm denies the remaining allegations of paragraph 12.

13. Upon information and belief, Qualcomm's infringement of the '844 Patent has been and continues to be willful and deliberate.

**ANSWER:** Denied.

14. As a result of Qualcomm's infringement of the '844 Patent, PJC has suffered loss and damage, and is entitled to an award of damages from Qualcomm, the precise

amount to be determined at trial but in no event less than a reasonable royalty.

**ANSWER:** Denied.

### Prayer for Relief

Qualcomm denies that PJC is entitled to either the requested relief or any other relief.

### DEFENSES

Qualcomm hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof. Qualcomm reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

### FIRST DEFENSE - NON-INFRINGEMENT

1. Qualcomm does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

### SECOND DEFENSE - INVALIDITY

2. Each claim of the '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

### THIRD DEFENSE - PROSECUTION HISTORY ESTOPPEL

3. By reason of the proceedings in the PTO during both the prosecution of the application that resulted in issuance of the '844 Patent and the reexamination of the '844 Patent, as shown by the prosecution histories thereof, PJC is estopped, in whole or in part, from maintaining that Qualcomm infringes or has infringed the '844 Patent.

## FOURTH DEFENSE - INTERVENING RIGHTS

4.     PJC's claims for relief concerning any claim added to the '844 Patent during reexamination or any claim substantively amended during reexamination are barred, in whole or in part, by the doctrine of intervening rights and/or 35 U.S.C. §§ 252, 307.

## FIFTH DEFENSE - LIMITATION ON DAMAGES

5.     The relief sought by PJC is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE - ADEQUATE REMEDY AT LAW

6.     PJC is not entitled to injunctive relief because any alleged injury to PJC is not immediate or irreparable and PJC has an adequate remedy at law.

## SEVENTH DEFENSE - LACHES

7.     The United States Patent and Trademark Office issued the '844 patent on January 29, 1993.

8.     Beginning in 1988, and continuing to the present day, Qualcomm has developed, manufactured and marketed mobile fleet management systems for trucks, vans or other vehicles, including under the name OmniTRACS.

9.     PJC did not assert that Qualcomm infringed the '844 Patent until April 2011, when it sent a letter to Qualcomm alleging infringement and subsequently brought suit against Qualcomm.

10.    Prior to April 2011, no purported owner of the '844 Patent had made any allegations of infringement to Qualcomm.

11.    PJC's claim for relief for infringement of the '844 Patent is barred in whole or in part under the doctrine of laches by virtue of the inexcusable delay in bringing suit

against Qualcomm.

## PRAYER FOR RELIEF

WHEREFORE, Qualcomm prays for entry of judgment:

1. dismissing the Counterclaim with prejudice;

2. declaring this action to be exceptional pursuant to 35 U.S.C. § 285 and awarding Qualcomm the cost of this action and its attorneys' fees; and

3. granting Qualcomm such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Qualcomm demands a trial by jury on all issues triable of right by a jury.

Dated:  May 18, 2011            s/Douglas J. Williams
                                Douglas J. Williams (#117353)
                                Felicia J. Boyd (#186168)
                                Niall A. MacLeod (#269281)
                                Aaron A. Myers (#311959)
                                BARNES & THORNBURG LLP
                                225 South Sixth Street, Suite 2800
                                Minneapolis, MN 55402
                                Telephone: (612) 333-2111
                                Facsimile: (612) 333-6798
                                E-mail:  dwilliams@btlaw.com

                                OF COUNSEL:

                                Evan R. Chesler
                                Keith R. Hummel
                                Cravath, Swaine & Moore LLP
                                Worldwide Plaza
                                825 Eighth Avenue
                                New York, NY 10019
                                (212) 474-1000

                                **Attorneys for Plaintiff
                                QUALCOMM INCORPORATED**